UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC O'DELL,<br><br>          Plaintiff,<br><br>     v.<br><br>C. MIMS, et al.,<br><br>          Defendants. | Case No. 1:20-cv-00378-NONE-JLT (PC)<br><br>**ORDER DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT *OR* NOTIFY THE COURT OF HIS DESIRE TO PROCEED ONLY ON CLAIMS FOUND COGNIZABLE**<br><br>21-DAY DEADLINE |

Defendants removed this action from state court pursuant to 28 U.S.C. §§ 1441 and 1446. (Doc. 1.) Defendants request that the Court screen Plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A. (*Id.* at 3.) Because Plaintiff is a state prisoner seeking relief against a state actor (*see* Doc. 1 at 17-24), screening is mandatory in this action. *See* 28 U.S.C. § 1915A(a). Accordingly, the Court grants Defendant's request.[1]

Upon screening, the Court finds that Plaintiff states cognizable claims of deliberate indifference to serious medical needs and intentional infliction of emotional distress against Defendants Mims, and cognizable claims of medical negligence against Defendants Mims, Doe #1, and Doe #2. Plaintiff's remaining claims are not cognizable. Because Plaintiff may be able to cure the deficiencies in his pleading, the Court grants him leave to file a second amended

---

[1] Plaintiff has also filed a motion to open discovery. (Doc. 8.) The Court will deny the motion as premature. Discovery may not proceed until the Court screens Plaintiff's complaint, finds cognizable claims, and issues a discovery and scheduling order. (*See* Doc. 3 at 3.)

complaint. In the alternative, Plaintiff may file a notice that he wishes to proceed only on the claims found cognizable and to dismiss all remaining claims and defendants.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories.

2

*Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### B. Linkage and Causation under Section 1983

42 U.S.C. § 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## III. DISCUSSION

### A. Plaintiff's Factual Allegations[2]

Plaintiff's claims stem from events that occurred while he was incarcerated at California State Prison, Corcoran. (*See* Doc. 1 at 19-22.) On September 9, 2018, mental health staff at the prison placed Plaintiff in a "mental health crisis bed." (*Id.* at 19.) Mims was assigned to evaluate Plaintiff's mental health status as his "primary care clinician." (*Id.*) Plaintiff discussed with Mims on "numerous occasions" his safety concerns and loss of familial support, and he told her that he "was tired of living." (*Id.* at 20.) On September 18 or 19, 2018, Mims told Plaintiff that he would be discharged, despite Plaintiff's protests that "he was not ready and did not trust himself." (*Id.*)

---

[2] For screening purposes, the Court accepts Plaintiff's factual allegations as true. *See Iqbal*, 556 U.S. at 678.

Plaintiff was discharged on September 20, 2018. Mims and her supervisor, Doe #1, decided not to place Plaintiff in a mental health program after the discharge so that he could receive follow-up care. (*Id.*)

On September 21, 2018, Doe #3, a correctional officer, found Plaintiff "blacked out with a sheet around his neck in an attempted suicide." (*Id.*) Doe #3 removed Plaintiff from his cell and took him to see mental health staff. (*Id.*) Doe #2, a member of the mental health staff, then interviewed Plaintiff. Once the interview was finished, Doe #2 told Doe #3 to take Plaintiff back to his cell. (*See id.*)

On September 22, 2018, Doe #4, a correctional officer, found Plaintiff bleeding from his wrist due to an apparent suicide attempt. (*Id.* at 21.) Doe #4 escorted Plaintiff to medical services, where he received sutures on his wrist but was denied mental health treatment. (*Id.*)

On October 2 or 3, 2018, Plaintiff was transferred to California Institution for Men. (*Id.*) Upon arrival, Plaintiff was place in a mental health crisis unit. (*See id.*) Later, mental health staff placed Plaintiff in a mental health program. (*Id.*) Plaintiff "has been making progress in resolving his mental health" issues. (*Id.*)

**B. Plaintiff's Causes of Action**

Based on the above, Plaintiff raises six causes of action:

Claim 1: Deliberate Indifference (Doc. 1 at 22)

Claim 2: Denial of Equal Protection (*id.*)

Claim 3: "Eighth Amendment Claims" (*id.* at 22-23)

Claim 4: Medical Malpractice (*id.* at 23)

Claim 5: Negligence (*id.*)

Claim 6: Intentional Infliction of Emotional Distress (*id.*)

Although Plaintiff raises Claim 1 under the Fourteenth Amendment (*id.* at 22), and Claim 3 under the Eighth Amendment, the Court does not find any substantive difference between the two. As explained more fully below, deliberate indifference to serious medical needs is a violation of the Eighth Amendment, which applies to the states through the Fourteenth Amendment. *See Robinson v. California*, 370 U.S. 660 (1962). In the prison context, the

Fourteenth Amendment "affords [Plaintiff] no greater protection than does the Cruel and Unusual Punishments Clause" of the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 327 (1986). Therefore, the Court construes Claims 1 and 3 as one cause of action for deliberate indifference to serious medical needs.

### 1. Deliberate Indifference to Serious Medical Needs

"Prison officials violate the Eighth Amendment if they are 'deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs.'" *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05. "A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." *Peralta*, 744 F.3d at 1081 (internal quotation marks and citations omitted). "A prison official is deliberately indifferent to that need if he 'knows of and disregards an excessive risk to inmate health.'" *Id.* at 1082 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

The test for deliberate indifference is thus two-pronged and has objective and subjective components. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). To establish a deliberate indifference claim, a prisoner must first "show a serious medical need by demonstrating that failure to treat [the] prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Id.* (internal quotation marks and citation omitted).

As to the first, objective prong, "[i]ndications that a plaintiff has a serious medical need include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation omitted).

As to the second, subjective prong, deliberate indifference "describes a state of mind more blameworthy than negligence" and "requires more than ordinary lack of due care for the

5

prisoner's interests or safety." *Farmer*, 511 U.S. at 835 (internal quotation marks and citation omitted). Deliberate indifference exists where a prison official "knows that [an] inmate[] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. In medical cases, this requires showing, "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citation omitted). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but [he] 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (internal quotation marks and citation omitted).

Plaintiff states a cognizable deliberate indifference claim against Defendant Mims. Plaintiff alleges that he informed Mims knew of his suicidal ideations, yet she discharged him from the mental health crisis unit without providing him follow-up mental health care. (Doc. 1 at 19-20.) Plaintiff thus sufficiently alleges a failure to take reasonable measures to abate a known, substantial risk of serious harm. *Cf. Doty v. Cty. of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994) ("[t]he requirements for constitutionally adequate mental health care …. are the same as those for physical health care").

Plaintiff does not state a cognizable claim against the remaining defendants. With respect to Doe #1, Plaintiff alleges that the defendant (along with Mims) decided not to place him in a follow-up mental health program. (Doc. 1 at 20). However, Plaintiff does not provide facts that establish Doe #1's knowledge of Plaintiff's condition. The same is true with respect to Doe #2. Plaintiff alleges that Doe #2 interviewed him after a suicide attempt (*id.*), but he does state what he told Doe #2 or otherwise provide facts about what the defendant knew about his mental state.

1   As explained above, to exhibit deliberate indifference, a defendant must actually know that a
2   substantial risk of serious harm exists. *Toguchi*, 391 F.3d at 1057.

3   With respect to Doe #3, Plaintiff alleges that the defendant, upon finding Plaintiff blacked
4   out with a sheet around his neck, immediately took him to be interviewed by mental health staff.
5   (*See* Doc. 1 at 20.) After the interview, the defendant escorted Plaintiff back to his cell at the
6   direction of the mental health staff. (*See id.*) Plaintiff alleges that Doe #4, upon seeing his wrist
7   bleeding, immediately took him to be examined by medical personnel. (*See id.*) None of these
8   allegations show that Doe #3 or Doe #4 purposefully failed to respond to Plaintiff's medical
9   needs; they show the opposite. The defendants' reliance on medical professionals also negates the
10  claim that they were deliberately indifferent.

11  Lastly, Plaintiff fails to link Defendants Harris and Ventis-Colon to his claims. As
12  explained in section II.B, *supra*, Plaintiff must show that each defendant's actions or failures to
13  act caused the deprivation of which he complains. *See Johnson*, 588 F.2d at 743 (citation
14  omitted). Plaintiff, though, does not mention Harris or Ventis-Colon in his factual allegations. To
15  the extent that Plaintiff names either of the defendants because he holds a supervisory position,
16  the Court notes that section 1983 does not impose liability on a supervisor merely because his
17  subordinate has violated Plaintiff's rights. *See Iqbal*, 556 U.S. at 676-77. To impose liability,
18  Plaintiff must allege specific misdeeds that each defendant committed, rather than the misdeeds
19  of those he supervised. *See id.*

20      2.  <u>Denial of Equal Protection</u>

21  "The Equal Protection Clause [of the Fourteenth Amendment] requires the State to treat
22  all similarly situated people equally." *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008)
23  (citation omitted). To state an equal protection claim, "a plaintiff must show that the defendants
24  acted with an intent or purpose to discriminate against the plaintiff based upon membership in a
25  protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (citations omitted).
26  "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's
27  protected status." *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) (emphasis
28  removed) (citation omitted).

"The first step in equal protection analysis is to identify the state's classification of groups." *Country Classic Dairies, Inc. v. State of Mont., Dep't of Commerce Milk Control Bureau*, 847 F.2d 593, 596 (9th Cir. 1988). "To accomplish this, a plaintiff can show that the law is applied in a discriminatory manner or imposes different burdens on different classes of people." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir. 1995).

"The next step … [is] to determine the level of scrutiny." *Country Classic Dairies*, 847 F.2d at 595. "Classifications based on race," for example, "are subject to strict scrutiny," *Freeman*, 68 F.3d at 1187, whereas classifications based on gender are subject to "intermediate scrutiny," *Navarro v. Block*, 72 F.3d 712, 716 (9th Cir. 1995) (citations omitted). Classifications not based on a "suspect" class like race or gender are subject to "rational-basis review." *Romer v. Evans*, 517 U.S. 620, 631 (1996); *Heller v. Doe by Doe*, 509 U.S. 312, 320 (1993) (citations omitted). Under this standard, a classification must have a rational relationship to a legitimate state interest in order to comply with the Equal Protection Clause. *See Romer*, 517 U.S. at 631-32.

If an action does not involve an identifiable class, a plaintiff may still establish an equal protection claim if she "alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (citations omitted); *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 601 (2008).

Plaintiff does not state a cognizable equal protection claim. Though he alleges that Defendants treated him differently, "without reason," from those who do not suffer from mental health issues (Doc. 1 at 23), he provides no factual support for this claim. As explained in section II.A, *supra*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

       3. <u>State-Law Claims</u>

           a. <u>Negligence and Medical Malpractice</u>

"To state a claim of negligence under California law, a plaintiff must allege: (1) defendant's legal duty of care toward plaintiff; (2) defendant's breach of that duty; (3) damage or injury to plaintiff; and (4) the breach as the proximate or legal cause of the resulting injury."

8

*Ransom v. Lee*, No. 14-cv-0600-DSF-KK, 2017 WL 10525951, at *15 (C.D. Cal. 2017) (citing *Hair v. State of California*, 2 Cal. App. 4th 321, 328 (Ct. App. 1991)).

Medical malpractice or medical negligence is simply the tort of negligence as applied to health care providers rendering professional services. *See* Cal. Civ. Proc. Code § 340.5. To state a claim of medical negligence under California law, a plaintiff must allege: "'(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence.'" *Machado v. California Dep't of Corr. & Rehabilition*, No. 12-cv-6501-JSC, 2013 WL 5800380, at *5 (N.D. Cal. 2013) (quoting *Gami v. Mullikin Med. Ctr.*, 18 Cal. App. 4th 870, 877 (1993)).

Plaintiff states cognizable medical negligence claims against Mims, Doe #1, and Doe #2. Plaintiff's allegations suggest that Mims and Doe #1 breached their professional duties by discharging him prematurely from the mental health crisis unit and failing to provide him follow-up mental health care. Plaintiff attempted suicide the day after he was discharged. (Doc. 1 at 20.) Plaintiff also alleges that Doe #2 violated "policies[ and] procedures" by denying him mental health treatment, after he interviewed Plaintiff in response to the suicide attempt. (*Id.* at 20-21.) Plaintiff attempted suicide a second time the following day. (*Id.* at 21.) Such allegations are sufficient to state medical negligence claims that are plausible on their face. *See Iqbal*, 556 U.S. at 678 (citation omitted).

Plaintiff does not state cognizable negligence claims against the defendant-correctional officers. Plaintiff alleges that, after finding Plaintiff blacked out or bleeding, Doe #3 and Doe #4 immediately took him to be seen by mental health or medical staff. (*See* Doc. 1 at 20-21.) These allegations do not show that the officers breached a legal duty of care. Plaintiff also does not allege that he was harmed during or after the incident involving Doe #4. (*See id.* at 21.)

For the same reasons provided in section III.B.1, *supra*, Plaintiff fails to link Harris and Ventis-Colon to his negligence claims. Plaintiff provides no facts regarding these defendants; thus, he fails to state a cognizable claim against them.

       b. <u>Intentional Infliction of Emotional Distress</u>

To state a claim for "intentional infliction of emotional distress, a plaintiff must show: (1) outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Ransom*, 2017 WL 10525951, at \*15 (citing *Vasquez v. Franklin Mgmt. Real Estate Fund, Inc.*, 222 Cal. App. 4th 819, 832 (Ct. App. 2013)).

The Court finds that Plaintiff states a cognizable claim of intentional infliction of emotional distress (IIED) against Mims. As stated above, a defendant's "reckless disregard of … the probability that his conduct will cause [a plaintiff] severe emotional distress" may establish an IIED claim. *Christensen v. Superior Court*, 54 Cal. 3d 868, 905 (1991). Thus, because Plaintiff sufficiently alleges deliberate indifference to a substantial risk of serious harm—i.e., severe emotional distress and resulting suicide attempts—he sufficiently alleges reckless disregard that he would suffer such severe emotional distress. *Cf. Farmer v. Brennan*, 511 U.S. 825, 836-37 (1994) ("acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk").

Plaintiff does not allege viable IIED claims against the remaining defendants. Though Plaintiff alleges cognizable medical negligence claims against Doe #1 and #2, he does not provide sufficient facts that detail what these defendants knew or should have known about his mental state. Without such facts, Plaintiff cannot show that these defendants intentionally, or with reckless disregard, caused him emotional distress.

## IV. CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that Plaintiff states cognizable claims of deliberate indifference and IIED against Mims, pursuant to 42 U.S.C. § 1983, plus cognizable claims of medical negligence under state law against Mims, Doe #1, and Doe #2. The Court finds that all remaining claims are not cognizable. Accordingly, the Court directs Plaintiff, **within 21 days**, to file a second amended complaint curing the deficiencies identified herein or, alternatively, notify the Court that he wishes to proceed only on the claims found cognizable and

to dismiss all remaining claims and defendants. If Plaintiff needs an extension of time to comply with this order, he shall file a motion seeking an extension **within 21 days**.

Plaintiff is informed that an amended complaint supersedes the original complaint and prior amendments. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Thus, an amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. The Court provides Plaintiff with an opportunity to file a second amended complaint to cure the deficiencies identified herein. However, he may not change the nature of this suit by adding unrelated claims in an amended complaint. Accordingly, the Court **ORDERS**:

1. Plaintiff's motion to open discovery (Doc. 8) is **DENIED** as premature;
2. Plaintiff is **GRANTED** leave to file a second amended complaint;
3. The Clerk's Office shall send Plaintiff a civil rights complaint form; and,
4. **Within 21 days** from the date of service of this order, Plaintiff shall file **one** of the following items:
   a. a second amended complaint curing the deficiencies identified in this order, or
   b. a notice that he does not wish to file a second amended complaint and, instead, wishes to (1) proceed only on the claims found cognizable in this order against Defendants Mims, Doe #1, and Doe #2, (2) dismiss all remaining claims, and (3) dismiss Defendants Harris, Ventis-Colon, Doe #3, and Doe #4.

**If Plaintiff fails to comply with this order, the Court will recommend that this action proceed only on the claims found cognizable herein and that all other claims and defendants be dismissed with prejudice.**

IT IS SO ORDERED.

Dated:   **June 18, 2020**            /s/ Jennifer L. Thurston
                                     UNITED STATES MAGISTRATE JUDGE

11