UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC O'DELL,<br><br>           Plaintiff,<br><br>    v.<br><br>C. MIMS, et al.,<br><br>           Defendants. | Case No. 1:20-cv-00378-NONE-JLT (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br><br>(Doc. 14) |

Plaintiff requests the appointment of counsel to represent him in this action. (Doc. 14.) Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

///

In the present case, the Court does not find the required exceptional circumstances at this time. Even if it is assumed that Plaintiff is not well versed in the law and has made serious allegations that, if proven, would entitle him to relief, his case is not extraordinary. The Court is faced with similar cases almost daily. In addition, at this stage in the proceedings, the Court cannot make a determination on whether Plaintiff is likely to succeed on the merits; and, based on a review of the records in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

In his motion, Plaintiff notes that his access to the prison law library is currently limited due to the COVID-19 pandemic. (*See* Doc. 14 at 2.) In the event Plaintiff requires an extension of time to respond to a motion or court order due to these limitations, he may request such an extension. The Court regularly grants extensions of time, as long as the requests are reasonable and good cause is shown.

Plaintiff also notes that he requires certain documents from Defendants to litigate this case. (*Id.* at 3.) Once the Court issues a Discovery and Scheduling Order, Plaintiff will then be able to submit requests for production of documents and other written discovery requests directly to defense counsel, pursuant to the order, the Federal Rules of Civil Procedure, and Local Rules.

For the foregoing reasons, the Court DENIES Plaintiff's motion for the appointment of counsel without prejudice.

IT IS SO ORDERED.

Dated:   **July 31, 2020**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

2