UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC O'DELL,<br><br>              Plaintiff,<br><br>    v.<br><br>CHERYL MIMS,<br><br>              Defendant. | Case No. 1:20-cv-00378-NONE-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST**<br><br>(Doc. 25)<br><br>21-DAY DEADLINE |

Defendant moves for summary judgment on the grounds that Plaintiff failed to exhaust administrative remedies prior to filing suit. (Doc. 25.) For the reasons set forth below, the Court recommends that Defendant's motion be granted.

**I.    SUMMARY OF FACTS**

At all times relevant to this action, Eric O'Dell was incarcerated at California State Prison, Corcoran. *See* Pl.'s Compl. 3-7 (Doc. 1 at 19-23). In his first amended complaint, Plaintiff contends that Cheryl Mims, a psychologist, failed to provide him adequate mental health care between September 9, 2018, and September 22, 2018. *See id.* Plaintiff alleges that as a result, he attempted suicide on September 21 and 22, 2018. *See* Pl.'s Compl. 3-7.

Plaintiff filed an administrative grievance regarding the alleged inadequate care on September 23, 2018. Def.'s Separate Statement of Undisputed Facts ("SUF") ¶ 10 (Doc. 25-3 at 2-3); Gates Decl. Ex. B (Doc. 25-4 at 10-11). In the grievance, "Plaintiff alleged that he was

discharged from suicide watch, despite telling staff he was still suicidal, attempted suicide the same day he was discharged, was placed back in his cell, and attempted to commit suicide a second time." Def.'s SUF ¶ 10.

In response to Plaintiff's grievance, California Correctional Health Care Services ("CCHCS") rendered a disposition of "no intervention" at the institutional level of review on November 27, 2018. *Id.* ¶ 11. CCHCS's decision letter stated that a "Supervising Psychologist Specialist determined [that Plaintiff was] seen continuously and consistently according to policy for suicidal ideations." Gates Decl. Ex. B (Doc. 25-4 at 8). CCHCS accordingly found that Plaintiff's treatment did "not constitute staff misconduct or deliberate indifference to [his] health care needs." *Id.* The decision letter provided that if Plaintiff were "dissatisfied with the Institutional Level Response," he could submit his grievance "for headquarters' level review." *Id.* (Doc. 25-4 at 9). The letter further advised that the "headquarters' level review constitutes the final disposition on [Plaintiff's] health care grievance and exhausts [Plaintiff's] administrative remedies." *Id.*

Plaintiff did not submit his grievance to the headquarters' level of review. Def.'s SUF ¶ 12. Plaintiff filed no other grievances concerning the claims underlying this action prior to filing his complaint. *See* Def.'s SUF ¶¶ 9-13.

## II.   LEGAL STANDARDS

### A.  Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials," or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible

evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A),(B). When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex*, 477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B).

Summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment . . . is satisfied." *Id.* at 323.

**B. Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The failure to exhaust administrative remedies is an affirmative defense, which the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. The defendant bears the burden of producing evidence that proves a failure to exhaust; and, summary judgment is appropriate only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff failed to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). On a motion for summary

3

1  judgment, the defendant must prove (1) the existence of an available administrative remedy and
2  (2) that Plaintiff failed to exhaust that remedy. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir.
3  2015) (citations omitted). If the defendant meets this burden, "the burden shifts to the plaintiff,
4  who must show that there is something particular in his case that made the existing and generally
5  available administrative remedies effectively unavailable to him. . ." *Id.* If the plaintiff fails to
6  meet this burden, the court must dismiss the unexhausted claims or action without prejudice. *See*
7  *Lira v. Herrera*, 427 F.3d 1164, 1175 (9th Cir. 2005).

**C. CDCR Grievance Process**

The CDCR has an administrative grievance system for prisoners to appeal a policy, decision, action, condition, or omission by the department or staff if it has an adverse effect on prisoner health, safety, or welfare. Cal. Code Regs. tit. 15, §§ 3084.1(a) (2018), 3999.226(a). Compliance with 42 U.S.C. § 1997e(a) requires California-state prisoners to utilize CDCR's grievance process to exhaust their claims prior to filing suit in court. *See Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010); *see also Woodford*, 548 U.S. at 85-86. Administrative appeals are generally subject to two to three levels of review before the remedy is deemed exhausted. Cal. Code Regs. tit. 15, §§ 3084.1(b) (2018), 3084.7(d)(3) (2018), 3999.226(g), 3999.230(h); s*ee also Sapp*, 623 F.3d at 818.

**III. DISCUSSION**

The PLRA requires "proper exhaustion," which means that "the prisoner must complete the administrative review process in accordance with the applicable procedural rules . . . as a precondition to bringing suit in federal court." *Woodford*, 548 U.S. at 88, 93. The rules that must be followed, in other words, "are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system . . ., but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

Per California regulations, "[h]ealth care grievances are subject to an institutional level review and may receive a headquarters' level grievance appeal review, if requested by the grievant." Cal. Code Regs. tit. 15, § 3999.226(a)(1). "Health care grievances are subject to a

headquarters' level disposition before administrative remedies are deemed exhausted." *Id.* § 3999.226(g).

Before filing his complaint, Plaintiff submitted one, health-care-related grievance regarding the claims underlying this case. *See* Def.'s SUF ¶¶ 9-13. CCHCS thereon rendered a disposition of "no intervention" at the institutional level of review, finding that staff had followed policy and had not been deliberately indifferent to Plaintiff's health care needs. *Id.* ¶ 11; Gates Decl. Ex. B (Doc. 25-4 at 8-9). CCHCS's disposition letter provided that Plaintiff may appeal the institution-level decision to the headquarters' level of review, and that a headquarters-level disposition would exhaust his administrative remedies. *Id.* Plaintiff did not submit his grievance for headquarters' review. Consequently, per the plain terms of section 3999.226(g) of the California Code of Regulations, Plaintiff failed to exhaust his remedies.

In his opposition, Plaintiff argues that he was not required to pursue his grievance through the headquarters' level of review because he had received everything he had requested by being enrolled in a mental health program, and thus "[t]here was nothing else for [him] to grieve about." Pl.'s Opp'n 2 (Doc. 27 at 2). Plaintiff cites *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005), in support of his argument. Pl.'s Opp'n 1. In *Brown*, the Ninth Circuit held that "that a prisoner need not . . . exhaust further levels of review once he has either received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available." 422 F.3d at 935.

Plaintiff's argument is unavailing. First, no officials advised Plaintiff that remedies were unavailable. As explained above, CCHCS explicitly informed him that he may appeal the institution-level decision to the headquarters' level of review, and that a disposition at the latter level would exhaust his remedies. Second, Plaintiff misconstrues the nature of his claims in this case. In his complaint, Plaintiff does not seek injunctive relief regarding his mental health care. Rather, he seeks damages for the alleged *past* misconduct and inadequate care provided by Defendant Mims.[1] Pl.'s Compl. 8. With respect to these claims, to which Plaintiff also alluded in

---

[1] As Defendant points out, if the relief that Plaintiff seeks were "limited to an injunction requiring that he be enrolled in mental health treatment, his suit would be moot and should be dismissed." Def.'s Reply 2 (Doc. 28 at 2.)

5

his grievance, CCHCS explicitly found that staff followed policy and committed no misconduct. Gates Decl. Ex. B (Doc. 25-4 at 8, 10). Without a contrary finding, Plaintiff cannot reasonably contend that his grievance was "granted" or that he received all the remedies he sought. Consequently, by not pursuing his grievance to the highest level of review, Plaintiff failed to exhaust his remedies.

The Supreme Court has held "that the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93. To properly exhaust, prisoners must comply with the prison's grievance procedures. *Jones*, 549 U.S. at 218. That is, "the prison's requirements . . . define . . . proper exhaustion." *Id.* Plaintiff did not comply with the CDCR's requirement that he pursue his grievance through the headquarters' level of review. Therefore, Plaintiff did not properly exhaust his administrative remedies.

## IV. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court RECOMMENDS that Defendant's motion for summary judgment (Doc. 25) be GRANTED and this action DISMISSED for failure to exhaust administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of her rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __August 6, 2021__                    _ /s/ Jennifer L. Thurston
                                             CHIEF UNITED STATES MAGISTRATE JUDGE