UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC O'DELL,<br><br>             Plaintiff,<br><br>      v.<br><br>CHERYL MIMS,<br><br>             Defendant. | No. 1:20-cv-00378-NONE-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 25, 35) |

Plaintiff Eric O'Dell is a state prisoner proceeding *pro se* in this civil rights action brought under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 15, 2020, Defendant Cheryl Mims filed a motion for summary judgment arguing that plaintiff had failed to exhaust his administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act ("PLRA"). (Doc. No. 25.) Plaintiff filed an opposition to defendant's motion on December 30, 2020, (Doc. No. 27), to which defendant filed a reply on January 6, 2021, (Doc. No. 28).

On August 6, 2021, the assigned magistrate judge issued findings and recommendations, recommending that defendant's motion for summary judgment be granted. (Doc. No. 35.) The uncontested evidence before the court establishes that plaintiff failed to pursue his administrative inmate grievance regarding the claims underlying this case through to the highest level of review.

1    (*Id.* at 5.)  The magistrate judge therefore found that plaintiff failed to "properly exhaust" those

2    claims, as required by the PLRA.  (*Id.* at 6.)  The findings and recommendations were served on

3    plaintiff and provided him 21 days to file objections thereto.  (*Id.*)  Plaintiff filed objections on

4    September 1, 2021.  (Doc. No. 36.)

5        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a

6    *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's

7    objections, the court finds the findings and recommendations to be supported by the record and

8    proper analysis.

9        The court agrees with the magistrate judge's findings that plaintiff failed to pursue his

10   administrative grievance through the highest level of review and, therefore, that he failed to

11   exhaust his administrative remedies.  Plaintiff does not dispute that he failed to pursue his inmate

12   grievance to the highest level.  (*See* Doc. No. 27 at 1-2.)  In his objections, plaintiff appears to

13   contend that he was not required to exhaust his administrative remedies because, according to the

14   California Code of Regulations, damages are not an available remedy with respect to his claim.

15   (*See* Doc. No. 36 at 2.)  The Supreme Court has directly addressed this issue, holding that the

16   PLRA requires administrative exhaustion regardless of the relief sought by the prisoner and the

17   relief offered by the administrative grievance process as long as some relief is available.  *Booth v.*

18   *Churner,* 532 U.S. 731, 734, 741 (2001).

19       Plaintiff also argues in his objections that he did not need to pursue his inmate grievance

20   to the highest level of review because he received all the relief he could obtain at an intermediate

21   level of review.  (*See* Doc. No. 36 at 3, 5.)  The magistrate judge also addressed this argument.

22   (Doc. No. 35 at 5-6.)  In its response to plaintiff's inmate grievance, California Correctional

23   Health Care Services ("CCHCS") explicitly found that plaintiff's mental health treatment did "not

24   constitute staff misconduct or deliberate indifference to [his] health care needs."  (*Id.* at 2.)  The

25   CCHCS's dispositional letter informed plaintiff that if he were "dissatisfied with the Institutional

26   Level Response," he could submit his inmate grievance "for headquarters' level review," and that

27   a headquarters level review would exhaust his administrative remedies.  (*Id.*)  In light of this,

28   plaintiff's contention that he received all of the relief he could obtain with respect to his claim

that defendant provided constitutionally inadequate mental health treatment, or that prison officials told him that he no further remedies were available to him, is unpersuasive.

Accordingly,

1. The findings and recommendations issued on August 6, 2021 (Doc. No. 35) are adopted in full;
2. Defendant's motion for summary judgment (Doc. No. 25) is granted;
3. This case is dismissed due to plaintiff's failure to exhaust administrative remedies prior to filing suit;
4. Plaintiff's pending motions (Doc. Nos. 29, 34) are denied as moot; and,
5. The Clerk of the Court is directed to assign a district judge to this case for purposes of closure and to close this case.

IT IS SO ORDERED.

Dated: **September 19, 2021**

UNITED STATES DISTRICT JUDGE